United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 2, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-51689
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

BENITO MENA-SEGOVIANO, also known as Angel Perez

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-1118-ALL
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:*

Benito Mena-Segoviano appeals from his guilty-plea conviction for illegal reentry into the United States. He argues that the district court erred by departing upwardly from the advisory Sentencing Guidelines based upon his criminal history. As Mena-Segoviano concedes, the departure is reviewed only for plain error because he did not object on this basis in district court. See United States v. Jones, 444 F.3d 430, 436 (5th Cir. 2006). Because Mena-Segoviano has failed to show that the district court's decision to depart upwardly was clear or

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

obvious, he does not warrant relief on this issue.  See United States v. Olano, 507 U.S. 725, 734 (1993).

Mena-Segoviano also challenges the constitutionality of 8 U.S.C. § 1326(b).  His constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Mena-Segoviano contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Mena-Segoviano properly concedes that his argument is foreclosed by Almendarez-Torres and circuit precedent, but he raises it here solely to preserve it for further review.

AFFIRMED.